[No. 23106. Department Two. July 9, 1931.]

WILLIAM MURPHY et al., Respondents, v. CALISPEL DUCK CLUB, Appellant.[1]

Danson, Lowe & Danson and E. L. Sheldon, for appellant.

R. L. Edmiston, for respondent.

MILLARD, J.—This action was brought to recover for loss of hay crops for three years alleged to have been sustained by the flooding of one hundred and twenty

[1]Reported in 300 Pac. 1060.

acres of plaintiffs' land in Pend Oreille county by waters from defendant's dam. The trial of the cause to a jury resulted in verdict for four hundred dollars in favor of the plaintiffs. From judgment entered on the verdict, the defendant appealed.

Conceding, *arguendo,* the land of respondents was overflowed as alleged, and hay crops were damaged, appellant contends that it acquired by prescription the right to overflow the respondents' land.

There is substantial evidence that the respondents sustained damages by the flooding of their land, as they alleged, and that the amount of the verdict is not in excess of the damages suffered.

■ While the dam was erected in 1911, the overflowing of the land of respondents, resulting in loss of crops, did not commence until 1926, when the height of the dam was increased forty inches. Therefore, the right of action accrued in 1926. The land was also flooded and crops destroyed in 1927, 1928 and 1929, which are the three years for which respondents seek recovery. When the flooding of which respondents complain began, was a question of fact for the jury. Their verdict, under proper instructions—appellant does not question the correctness of the instructions— forecloses any question as to the date of the beginning of the flowing of respondents' land. Clearly, then, appellant's claim of a prescriptive right to flow water from its dam on to the land of respondents cannot prevail, a right which one of appellant's trustees testified was never claimed by appellant.

"We think that, both on reason and authority, the period of a prescriptive right to an easement to use or damage the lands of another can only begin to run from the time when the person suffering the damage first had a cause of action arising from the adverse use.

" 'In cases of this character the prescriptive right will not commence to run until some act or fact exists giving the party against whom the right is claimed a cause of action. Where a right by prescription to maintain a railroad bridge and change the current of a stream and injure the land of a riparian owner below by causing it to wash away his land is claimed, the commencement of the time required for the prescription to ripen is not from the erection of the bridge, but from the first actual damages to the land consequent on the erection of the bridge. *Eells v. Chesapeake R. R. Co.*, 49 W. Va. 65, 38 S. E. 479, 87 Am. St. Rep. 787.' " *St. Martin v. Skamania Boom Co.*, 79 Wash. 393, 140 Pac. 355.

This appeal presents only questions of fact, all of which on conflicting evidence were submitted to the jury and resolved against the appellant. The verdict is sustained by ample evidence, therefore it will not be disturbed.

The judgment is affirmed.

TOLMAN, C. J., BEELER, HOLCOMB, and BEALS, JJ., concur.